FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL H. WESTCOTT, Jr., | No. 06-35451 |
| Plaintiff - Appellant, | D.C. Nos. CV-03-00009-J-JWS |
| v. | CV-03-00010-JWS |
| UNITED STATES DEPARTMENT OF THE INTERIOR, National Park Service, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 28, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Plaintiff-Appellant Daniel Westcott appeals the district court's entry of

summary judgment in favor of Defendant-Appellee National Park Service ("NPS")

in Westcott's action under the Administrative Procedure Act ("APA") challenging

the NPS's distribution of funds as part of the Glacier Bay Commercial Fishing

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Compensation Program.  *See* Pub. L. No. 106-31, § 501(b), 113 Stat. 57, 72-73 (1999) (codified at 16 U.S.C. § 410hh-4 note).  Westcott contends that he should have received over $256,000 based on the original estimates in the compensation plan of the amount of funding to be allocated to Dungeness crab crew members, as determined by an estimate of the number of claims that would be submitted in this category.  The $15,000 he received represented his proportional share of the total amount of funds allocated to his category after all claims had been submitted.  It in fact roughly equaled the total amount he had earned in the three seasons he worked on his parents' Dungeness crab fishing boat.

The district court found that the NPS's reallocation of funds did not require the State of Alaska's additional concurrence.  This factual finding is supported by the record and is not clearly erroneous.  The record indeed reflects the State did not object to that allocation.

The NPS did not violate the APA when it reallocated funds within the compensation plan without first providing notice and an opportunity for public comment.  There was no substantive rulemaking requiring such procedures.  The allocation of funds was an interpretive rule.  *See* 5 U.S.C. § 553(b)(3)(A); *Reno-Sparks Indian Colony v. EPA*, 336 F.3d 899, 909 (9th Cir. 2003).

**AFFIRMED.**

2